IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES RAY JONES, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:13-cv-3238-O-BN |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Charles Ray Jones has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be summarily dismissed without prejudice.

**Background**

Petitioner was convicted of burglary of a building in August 1994 and was sentenced to 25 years of imprisonment. He did not file a direct appeal. In 2002, he filed a state habeas writ that was denied, and he was cited for abuse of the writ for submitting a forged affidavit with his petition. *See Ex Parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003).

On August 9, 2013, nearly 19 years after his conviction, Petitioner filed in this Court a form application under Texas Code of Criminal Procedure article 11.07. *See* Dkt. No. 1. Because Petitioner's habeas application did not contain any allegations at

all, and because he did not submit the statutory filing fee or a motion to proceed *in forma pauperis*, the Court sent a notice of deficiency. *See* Dkt. No. 4. In response, Petitioner submitted a motion to proceed *in forma pauperis* and an unsigned form habeas petition that again contains no grounds for relief. *See* Dkt. Nos. 5 & 6. The only claims that Petitioner's amended application contains are that:

> I have a change[d] a lot and I know how to stay out of trouble and get a job and stay on it. I have been here for 20 years and I know what it takes to stay out of trouble now yes I can do the right things to stay out and go see my parole officer on time if you all let me out there I can give you all I have to stay out there. God have change me to do right it take me all this to do right now I am ready now. Thank you all.

Dkt. No. 5 at 9.

## Legal standards

Federal habeas petitioners must satisfy a heightened pleading requirement by stating all grounds for relief available to them and setting out in summary fashion the facts underlying each claim for relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also* Rule 2(c) of the Rules Governing Section 2254 Cases. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856.

## Analysis

Petitioner has stated no grounds to justify federal habeas relief in either his original or amended petitions. *See* Dkt. Nos. 1 & 5. The Court has provided Petitioner with an opportunity to set forth any and all claims that the 1994 conviction or sentence violates Petitioner's constitutional rights, but Petitioner has not done so. Accordingly,

this habeas application should be summarily dismissed without prejudice.

## Recommendation

Petitioner's application for writ of habeas corpus should be summarily dismissed without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 3, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE